UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSEPH VENEGONI and TERESA FIORE,   No. 08-11673

                          Debtor(s).
_____/

RAYMOND FIORE,

                          Plaintiff(s),

           v.                                                           A.P. No. 08-1115

JOSEPH VENEGONI and TERESA FIORE,

                          Defendant(s).
_____/

Corrected Memorandum on Motion for Summary Judgment
_____

       Plaintiff Raymond Fiore and debtor and defendant Teresa Fiore are brother and sister. Teresa became trustee of the Fiore Revocable Trust upon the death of their mother in 2007. Teresa and Raymond are beneficiaries of the trust.

       On August 18, 2008, Teresa and her husband Joseph Venegoni, Jr., filed a Chapter 7 petition in this court. Raymond has alleged and continues to allege that Teresa has not managed the trust properly. He filed this adversary proceeding to insure that any liability Teresa may have is

1

nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code. Teresa has moved for summary judgment on the grounds that the Arizona court has already heard and approved her account for the period before the bankruptcy filing.

Pursuant to § 727(b) of the Bankruptcy Code, any debt resulting from Teresa's acts after August 18, 2008, is not discharged because it arose after bankruptcy. As to pre-bankruptcy liability, the simple failure of a fiduciary to properly account for trust funds constitutes defalcation and creates a nondischargeable debt pursuant to § 523(a)(4). *In re Niles*, 106 F.3d 1456, 1460 (9th Cir.1997). It is defalcation even if the failure was innocent. *In re Hemmeter,* 242 F.3d 1186, 1190 (9th Cir. 2001); *In re Lewis*, 97 F.3d 1182, 1186 (9th Cir.1996). Thus, any judgment of the Arizona court based on failure of Teresa to properly perform her duties as trustee is not dischargeable regardless of when the act occurred.

The Arizona probate case was commenced on January 25, 2010. On February 18, 2010, the Arizona court approved Teresa's first accounting, for the period from August 6, 2007, to October 28, 2008. Teresa argues that the Arizona order precludes this court from making a finding of defalcation, and this court agrees. It therefore appears that Teresa is entitled to summary judgment. Raymond does not strenuously disagree, but argues that he has uncovered evidence of defalcation which was not presented to the Arizona court and which forms the basis for reconsideration by that court. He seeks only a determination that if the Arizona court revisits the matter and renders judgment against Teresa the bankruptcy will not be a defense to enforcement.

For the foregoing reasons, the court will grant Teresa's motion for summary judgment and will enter a judgment that Raymond shall take nothing by his complaint, without prejudice to his rights in the Arizona proceedings. However, the judgment shall declare that any judgment against Teresa made by the Arizona court in the pending proceedings relating to the trust, whether based on pre-bankruptcy or post-bankruptcy conduct, is not discharged in these bankruptcy proceedings. Each side shall bear its own attorneys' fees and costs.

Counsel for Teresa shall submit a form of order granting her summary judgment motion and a form of judgment consistent with this Memorandum which counsel for Raymond has approved as to form.

Dated: March 4, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge

3